## ARDELLO v. LE BLANC.

### No. 1804.

Court of Appeal of Louisiana.  First Circuit.

March 9, 1938.

Voorhies & Labbe, of Lafayette, for appellant.

Walter Lemann, of Donaldsonville, for appellee.

DORE, Judge.

Plaintiff brings this suit to recover the sum of $467.75 for dues or premiums paid on certificates issued by the T. B. A. Benevolent Association and the T. B. A. American Benefit Association, issued to plaintiff, his wife, and his mother. Plaintiff's wife and mother assigned their claims to plaintiff, who brings the suit in his name for the return of all dues or premiums paid.

Plaintiff alleges that the defendant, Dudley J. Le Blanc, was conducting an insurance business in this state without authority under the style and name of T. B. A. Benevolent Association and T. B. A. American Benefit Association; that he accepted and received the dues or premiums paid on said certificates while doing an insurance business in the name of said associations.

Plaintiff attached and made a part of his petition six certificates; two of which were issued to plaintiff himself, one issued by the T. B. A. Benevolent Association, and the other by the T. B. A. American Benefit Association, both bearing date of April 5, 1922; one of which was issued to Mrs. Tony Ardello by the T. B. A. American Benefit Association, of date of July 20, 1922; three of which were issued to Mrs. Rudolph Rosalie Ardello, two being issued by the T. B. A. Benevolent Association and one by the T. B. A. American Benefit Association, all being dated January 9, 1933. All certificates being signed by Dudley J. Le Blanc as president of the respective associations and countersigned by the registrar or secretary as such of the respective associations.

Plaintiff further alleges that on May 3, 1935, he received an offer and proposal signed "T. B. A. American Benefit Association, Dudley J. Le Blanc," the first paragraph of which reads as follows:

"Replying to your letter of recent date, we wish to advise you that if you are not perfectly satisfied with your certificate, we will be glad to refund to you all of the money that you paid into the T. B. A. The T. B. A. is conducted honestly and operated for the interest of the entire membership and we are doing all we can to serve the members· faithfully and well."

Plaintiff further alleges that on May 7, 1935, he, acting on behalf of himself, his wife, and his mother, accepted the said offer and proposal by letter addressed to the said T. B. A. American Benefit Association listing the numbers of the certificates and to whom issued. Plaintiff contends that the offer and acceptance constituted a

binding contract and agreement between himself and defendant, doing business under the name and style of T. B. A. American Benefit Association.

Plaintiff further alleges that pursuant to said contract and agreement, he, through his attorney, advised the defendant of the sum paid by him; that he wrote several letters, through his attorney, demanding the return of the dues or premiums paid on said certificates but to no avail.

The prayer of the petition is for judgment against said Dudley J. Le Blanc, doing business under the name and style of T. B. A. American Benefit Association, for the amount of dues or premiums as stated above.

After citation and domiciliary service being made on defendant, the defendant failing to appear and answer within the delays required by law, judgment was rendered by default against the defendant in the amount sued for. Defendant appealed.

After the judgment was rendered, but prior to the taking of the appeal, defendant filed an exception to the jurisdiction of the court ratione personae, but this exception is now abandoned and needs no consideration by us.

Defendant filed an exception of no cause or right of action in this court.

██ While the petition alleges that Dudley J. Le Blanc was doing business under the name and style of the T. B. A. American Benefit Association, and all allegations of facts well pleaded are taken as true in the determination of an exception of no cause or right of action, yet the annexed documents control the allegations. The allegation that defendant was so conducting a business under a trade-name is a conclusion of facts of the pleader and must be determined by the annexed documents, and the only documents annexed and made a part of the petition are the six certificates already mentioned. All of these certificates contain a provision that the holder thereof is a member of the association, and which association was organized for mutual protection and benefit of the members; then are listed fourteen by-laws, rules, and regulations to which the member or holder of the certificate subscribed thereto. Amongst these by-laws, rules, and regulations to which the members subscribed, provision is made that the affairs of the said association shall be governed by a board of directors duly elected biannually by the members of the said association; and that the officers of the said association shall consist of a president, a vice president, a secretary, and treasurer. The by-laws, rules, and regulations further provided that in the event of death or accidental losses, it shall be the duty of each member to make the agreed regular contribution as fixed by the board of directors.

One of the certificates attached to the petition, and which, as previously stated, control the allegations of the petition, states that the said association is a copartnership. But regardless of this statement, a reading of the by-laws, rules, and regulations clearly shows that it is a copartnership composed of members for their mutual benefit. See Sheridan v. Thibodaux Benevolent Association, 19 La. App. 762, 134 So. 360, 141 So. 488, wherein the status of a kindred association, after full consideration, was definitely determined to be a copartnership and we adhere to our former decision.

We understand that plaintiff is relying on the alleged letter written on May 3, 1935, and signed by defendant without designation of any official capacity to show that defendant had been trading under the trade-name of T. B. A. American Benefit Association. This argument would probably have some weight if it would not be for the fact that plaintiff has attached and made a part of his petition the certificates which clearly show on their faces that defendant was the president of the associations and was only acting in his official capacity; besides, the words and phrases of the letter indicate that the offer was made by the T. B. A. American Benefit Association and not by the defendant as an individual.

██ The plaintiff having pitched his demand upon the allegation that defendant was trading under the trade-name of T. B. A. Benevolent Association and T. B. A. American Benefit Association, and the annexed documents disclosing that the said T. B. A. Benevolent Association and the T. B. A. American Benefit Association being copartnerships consisting of members, the number not being disclosed, and of which defendant is merely the president thereof, the exception of no cause or right of action should be sustained and plaintiff's suit dismissed.

The conclusion we have reached dispenses us from passing upon defendant's further contention that if the letter referred to above is an offer, then and in that event that the same had not been accepted by plaintiff, but that plaintiff had changed the terms of the offer by including a refund of dues or premiums due others, and which counter offer defendant did not accept.

For these reasons, the exception of no cause or right of action is sustained, and plaintiff's suit dismissed at his costs in both courts.